

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00177-CV

IN THE INTEREST OF E.K.M., A CHILD

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 5627H, Honorable Jack M. Graham, Presiding

August 21, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Mother, AM, appeals the trial court judgment by which her parental rights to daughter EKM were terminated. In a single issue, she contends the evidence was insufficient to support the trial court's requisite finding that termination of the parent-child relationship was in EKM's best interest. We affirm.

### Background

EKM had been removed from AM's care on the basis of neglectful supervision based on AM's methamphetamine use. Though AM appeared to maintain stable employment and visited EKM weekly and consistently, the in-person visits were discontinued because AM could not provide a clean drug screen. Indeed, throughout the

course of the proceeding, mother either failed to show for drug screens or participated in drug screens which consistently showed high levels of amphetamines and methamphetamines. At the time of trial, mother admitted she had a drug problem. She testified that she had been clean for twenty-five days.

The Department's caseworker testified that mother mostly stayed in fairly regular contact with the Department through the proceeding and testified that AM had recently moved into a new apartment. AM had reported that she lived in her prior residence for the duration of the proceedings, but the caseworker was unable to verify as much, having never been inside that home. AM stayed in phone contact with EKM.

AM had participated in but, per the Department's standards, had not fully completed counseling. The caseworker acknowledged that AM did complete certain steps and sought counseling via online provider. Mother, too, explained that she sought individual counseling online and paid for the sessions her insurance did not cover. She testified to having benefited from the programs she did complete through the Department's family service plan.

EKM was six years old at the time of the final hearing. At the time of trial, she had been recently placed in the home of family friends, where EKM was thriving and well cared for. The foster family were taking steps to qualify to adopt EKM.

After hearing evidence, the trial court terminated AM's rights based on several grounds. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(B)(1), (D), (E), (O), and (P). The trial court also found that it was in EKM's best interest that AM's parental rights be terminated.[1]

---

[1] The parental rights of EKM's father were also terminated. The father has not appealed the trial court's judgment.

***Sufficiency of the Evidence – Best Interest***

In her sole issue, AM maintains the evidence was insufficient to support the trial court's best-interest finding. The standard for reviewing this issue is described in *In re A.C.*, 560 S.W.3d 624 (Tex. 2018). We apply it here and overrule AM's issue.

In determining the best interests of a child, a variety of factors have been consistently considered. They were itemized in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). The *Holley* factors are not an exhaustive list; they simply identify considerations that have been or could be pertinent to the determination. *Id.*; *see* TEX. FAM. CODE ANN. § 263.307(b). Not all must be established, and the absence of some does not preclude a factfinder from reasonably forming a strong conviction that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Furthermore, evidence relating to the predicate statutory grounds for termination under section 161.001(b)(1) also may be probative to the analysis. *Id.* at 27–28. And, to that end, the failure to challenge the predicate grounds found by the court is a tacit concession by the parent that the evidence establishing those grounds is sufficient. *In re T.C.*, Nos. 07-18-00080-CV, 07-18-00081-CV, 2018 Tex. App. LEXIS 6769, at *13 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.). That said, we turn to the record before us.

AM has had history of drug use, methamphetamine, specifically. Drug screen results and evidence of several missed drug screens support her own admission that she has a drug problem.[2] Though AM has sought counseling and has completed a program designed specifically to address drug abuse in the context of parenting, she had not been

---

[2] Pursuant to AM's family service plan, "[f]ailure to take the random drug test on the date requested will be considered as 'positive' to the Department." *Accord In re J.C.D.Y.*, No. 01-23-00713-CV, 2024 Tex. App. LEXIS 2254, at *34 (Tex. App.—Houston [1st Dist.] Mar. 29, 2024, pet. denied) (mem. op.) (noting same).

3

able to overcome her substance abuse proclivities. Her drug use was the basis for removal of EKM and, yet, she continued to use it. Shortly before the final hearing, a hair follicle screen yielded positive results for methamphetamine. Mother acknowledged her problem and explained that she had been clean for twenty-five days.

Evidence of substance abuse is a consideration in the *Holley* analysis. That is, a parent's course of conduct as an active drug user demonstrates an unwillingness and inability "to provide the child with a safe environment—a primary consideration in determining the child's best interest." *In re A.C.*, 394 S.W.3d 633, 642 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see In re E.G.*, No. 07-23-00197-CV, 2023 Tex. App. LEXIS 6082, at *11–12 (Tex. App.—Amarillo Aug. 10, 2023, no pet.) (mem. op.) (same). Parental drug abuse is also relevant to 1) the ability to provide for a child's emotional and physical needs, 2) emotional and physical endangerment to the child, and 3) stability, or lack thereof, in the home. *See In re E.G.*, 2023 Tex. App. LEXIS 6082, at *12.

AM admitted that she had a drug abuse problem. By leaving the predicate grounds unchallenged on appeal, has also tacitly conceded that she 1) knowingly placed or knowingly allowed EKM to remain in conditions or surroundings which endanger the physical or emotional well-being of EKM and 2) engaged in conduct or knowingly placed EKM with persons who engaged in conduct which endangers the physical or emotional well-being of EKM. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E).

EKM is residing in the home of a foster family that had known her before the placement. Those parents care for EKM and are intending to be the child's permanent placement. Evidence further indicates the child thrives in her current environment.

4

The record reveals that AM was given many opportunities to demonstrate her ability to parent EKM. Though she did make efforts to complete the services available and despite encouragement from friends and family to "be clean," AM could not refrain from using methamphetamine.

While AM testified to being clean for a short period of time preceding the final hearing, we note that "[r]ecent improvement alone is not sufficient to avoid termination of parental rights." *In re J.G.*, No. 07-24-00291-CV, 2025 Tex. App. LEXIS 409, at *5–6 (Tex. App.—Amarillo Jan. 28, 2025, pet. denied) (mem. op.). Further, nothing in the record suggests that, without continued and, perhaps, more intensive intervention, AM will be able to maintain her sobriety. A factfinder "may infer from a parent's past inability to meet a child's physical and emotional needs an inability or unwillingness to meet a child's needs in the future." *In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Oftentimes, past is prologue." *In re Epperson*, 213 S.W.3d 541, 544 (Tex. App.—Texarkana 2007, no pet.); *accord In re A.M.*, Nos. 07-18-00047-CV, 07-18-00048-CV, 2018 Tex. App. LEXIS 3688, at *7 (Tex. App.—Amarillo May 23, 2018, pet. denied) (mem. op.) (per curiam). "A child's future need not be dependent upon questionable hope of a parent's improvement." *In re A.J.C.*, No. 07-24-00331-CV, 2025 Tex. App. LEXIS 1650, at *4–8 (Tex. App.—Amarillo Mar. 12, 2025, no pet. h.) (mem. op.).

Viewing the evidence in the requisite light, we conclude that both legally and factually sufficient evidence support the trial court's firm conviction and belief that termination of AM's parental rights was in EKM's best interest.

Accordingly, we affirm the trial court's judgment terminating the parent-child relationship between AM and EKM.

Brian Quinn
Chief Justice